1   Kelly A. Evans (NV Bar No. 7691)
    Jay J. Schuttert (NV Bar No. 8656)
2   Chad R. Fears (NV Bar No. 6970)
    SNELL & WILMER L.L.P.
3   3883 Howard Hughes Parkway, Suite 1100
    Las Vegas, NV 89169
4   Telephone: (702) 784-5200
    Facsimile: (702) 784-5252
5
    Attorneys for Defendants
6   CARRIAGE CEMETERY SERVICES, INC. and
    BUNKERS MEMORY GARDENS MEMORIAL PARK
7

8                    **UNITED STATES DISTRICT COURT**

9                        **DISTRICT OF NEVADA**

10  THE ESTATE OF THEODORE              Case No. 2:08-CV-01102-KJD-RJJ
    KENNEDY; WILLIE WADE, AN
11  INDIVIDUAL; CARNELL
    WASHINGTON, AN INDIVIDUAL;
12  VIOLA WASHINGTON, AN
    INDIVIDUAL; JAMES KENNEDY, AN
13  INDIVIDUAL; AND THEODORE            **DEFENDANTS' MOTION TO DISMISS**
    KENNEDY, JR., AN INDIVIDUAL,        **PURSUANT TO FED. R. CIV. P. 12(B)(1)**
14                        Plaintiffs,   **FOR LACK OF SUBJECT MATTER**
                                        **JURISDICTION**
15          vs.

16  CARRIAGE CEMETERY SERVICES,
    INC., d/b/a BUNKERS MORTUARIES,
17  CEMETARIES, & CREMATORY,
    MEMORY GARDENS MEMORIAL
18  PARK, DOES 1 through 5, and ROE     **(Oral Argument Requested)**
    CORPORATIONS 1 through 5,
19                        Defendants.

20

21          Defendants Carriage Cemetery Services, Inc. and Bunkers Memory Gardens Mortuary[1]

22  (hereinafter collectively "defendants") hereby file this Motion to Dismiss pursuant to Rule

23  12(b)(1) of the Federal Rules of Civil Procedure.

24  ///

25  ///

26  ///

27  ─────────────────────
    [1]  Plaintiffs misidentify this entity in their complaint.  Its correct name is Bunkers Memory Gardens
28  Mortuary, not Bunkers Memory Gardens Mortuary and Cemetery as stated in plaintiffs' complaint.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

1        This Motion is supported by the accompanying Memorandum of Points and Authorities,

2  the attached exhibits, and any oral argument that the Court may allow at the hearing on this

3  matter.

4  DATED this 27th day of August 2008        SNELL & WILMER L.L.P.

By: _____ Chad R. Fears _____
    Kelly A. Evans (NV Bar No. 7691)
    Jay J. Schuttert (NV Bar No. 8656)
    Chad R. Fears (NV Bar No. 6970)
    3883 Howard Hughes Parkway, Suite 1100
    Las Vegas, NV 89169
    Telephone:  (702) 784-5200
    Facsimile:  (702) 784-5252

    Attorneys for Defendants
    CARRIAGE CEMETERY SERVICES, INC.
    and BUNKERS MEMORY GARDENS
    MEMORIAL PARK

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Federal courts are courts of limited jurisdiction, and may hear only those cases and claims which the United States Constitution or federal statute authorizes them to adjudicate. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Article III of the United States Constitution requires a federal court to have an actual "case or controversy" before exercising jurisdiction. *See* U.S. Const., Art. III; *see also Golden v. Zwickler*, 394 U.S. 103, 108 (1969). Embodied within Article III's case or controversy requirement is the standing doctrine, the absence of which prevents the power of the federal judiciary to be invoked. *See Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 215 (1974). A plaintiff has "standing" if he or she suffered an actual injury that is causally connected to the defendant's conduct and which can be redressed by the courts. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Standing is a prerequisite to subject matter jurisdiction. *See Stewart v. Thorpe Holding Co. Profit Sharing Plan*, 207 F.3d 1143, 1148 (9th Cir. 2000).

The instant complaint seeks redress for the alleged mistaken cremation of the decedent, Theodore Kennedy. Plaintiffs are essentially the known surviving relatives. Without distinguishing which plaintiff is bringing which claims, the lawsuit alleges several causes of action relating to the cremation and surrounding circumstances. Nevada has yet to address the rights and causes of action for the mishandling of a corpse. Other jurisdictions have addressed what rights the decedent's relatives possess and what duties a mortician or funeral director undertakes regarding a decedent's remains. But these rights and duties are confined. As such, many of the plaintiffs lack standing to bring the claims alleged in the complaint. Rule 12(b)(1) of the Federal Rules of Civil Procedure thus mandates the dismissal of their claims.

### BACKGROUND

**A.    Factual Background**

In 2007, Theodore Kennedy was suffering from terminal liver cancer. Due to his anticipated death, the defendants were contacted and the burial and funeral services were

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

1   prepaid.[2]   On December 7, 2007, Theodore Kennedy passed away.[3]

2   Desiring that their brother be buried, the decedent's sisters, Carnell Washington and

3   Willie Wade, executed the required "Embalming Authorization," "Internment/Entombment

4   Authorization," and "Acknowledgment of Disclosures/Disclaimer" forms.[4]   At the time these

5   forms were executed, representatives of the defendants allegedly assured the "plaintiffs" that

6   cremation could not be performed on anyone without the proper authority.[5]   At this time,

7   "plaintiffs" allegedly reiterated to defendants' staff their opposition to the practice of cremation.[6]

8   As alleged in the complaint, contrary to the plaintiffs' wishes and defendants' assurances,

9   decedent's corpse was cremated.   Due to the cremation and defendants' allegedly insensitive

10   handling of the situation, all plaintiffs have and will allegedly continue to suffer "physical injury,

11   shock, outrage, extreme anxiety, worry, mortification, embarrassment, humiliation, distress, grief,

12   and sorrow."[7]

13   **B.   Procedural Background**

14   On July 28, 2008, plaintiffs filed the instant complaint.   Plaintiffs are: the decedent's

15   Estate, the decedent's three sisters (Willie Wade, Carnell Washington, and Viola Washington),

16   the decedent's brother (James Kennedy), and the decedent's son (Theodore Kennedy Jr.).[8]   Each

17   plaintiff alleges the following causes of action:   (1) Breach of Contract; (2) Breach of Covenant

18   of Good Faith and Fair Dealing; (3) Breach of Fiduciary Duty; (4) Negligent Misrepresentation;

19   (5) Negligence; (6) Negligent Interference with Remains and Intentional Mishandling of Corpse;

20   (7) Intentional Infliction of Emotional Distress; (8) Negligent Infliction of Emotional Distress;[9]

21
22   [2]   *See* Check dated October 14, 2007 to Bunker's Eden Vale Mortuary for "Funeral Services Theodore Kennedy," a copy of which is attached as Exhibit "A."
      [3]   *See* Burial Permit, a copy of which is attached as Exhibit "B."
23   [4]   *See* Executed "Embalming Authorization" form, a copy of which is attached as Exhibit "C;" Executed "Internment/Entombment Authorization" form, a copy of which is attached as Exhibit "D;"
24   Executed "Acknowledgment of Disclosures/Disclaimer" form, a copy of which is attached as Exhibit "E."
      [5]   *See id.*
25   [6]   *See id.*
      [7]   *See id.* ¶ 39.
26   [8]   *See* Cmpl. ¶¶ 1-5; *see also* December 15, 2007 Obituary for Theodore Kennedy's Memorial Service, a copy of which is attached as Exhibit "F."
27   [9]   While the defendants dispute the underlying merits of plaintiffs' claims for Intentional Infliction and Negligent Infliction of Emotion Distress, at this stage of the litigation, the plaintiffs (except for the
28   Estate of Theodore Kennedy) arguably have standing to bring them.   Accordingly, defendants do not substantively address them in this motion.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

and (9) Unjust Enrichment. Because most of the plaintiffs lack standing to bring these causes of action, the Court must dismiss them for lack of subject matter jurisdiction.

**LEGAL STANDARD**

**A.      Rule 12(b)(1) Standards**

Dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is appropriate when the court lacks subject matter jurisdiction over a plaintiff's claim. *See* Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) attack on jurisdiction can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003); see also 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.30[4], at 12-38 to 12-41 (3d ed. 1999). Here, defendants are bringing a factual attack under Rule 12(b)(1) and thereby dispute the truth of some allegations and the significance of others in relation to the plaintiffs' standing and the court's ability to therefore exercise subject matter jurisdiction. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In resolving a factual attack, the court need not presume the truthfulness of a plaintiff's allegation and may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Because standing pertains to a federal court's subject-matter jurisdiction under Article III, it is properly raised in a motion to dismiss under Rule 12(b)(1). *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

**B.      Standing**

To have standing, a plaintiff must "allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984). This injury must be distinct and palpable and cannot be abstract, conjectural, or merely hypothetical. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975). Thus, there must be a causal connection between the conduct of which a plaintiff complains and an injury that is capable of redress. *See Lujan*, 504 U.S. at 560-61. Finally, the plaintiff must assert his or her own legal rights and interests and cannot rest his or her claim on the legal rights or interests of third parties. *See Warth*, 422 U.S. at 499. Because a federal court lacks subject

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

1   matter jurisdiction over a plaintiff without Article III standing, his claims must be dismissed

2   under Rule 12(b)(1).  *See, e.g.*, *Cetacean Cmty v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004)

3   (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)).

4                                          **ANALYSIS**

5   **A.**    **The Estate of Theodore Kennedy**

6          The Estate of Theodore Kennedy lacks standing to bring any of the claims brought in the

7   complaint.  It is axiomatic that a cause of action does not survive in favor of the estate of the

8   decedent unless it accrued in favor of the decedent during his lifetime.  *See Myers v. Heritage*

9   *Enter., Inc.*, 773 N.E.2d 767, 769 (Ill. App. Ct. 2002); *Price v. Holmes*, 422 P.2d 976, 981 (Kan.

10  1967); *Neal v. Neal*, 250 F.2d 885, 890 (10th Cir. 1958).  The events upon which the complaint

11  bases all of its claims occurred after the death of Theodore Kennedy:  the cremation, the

12  defendants' alleged breach of its contractual and common law duties, the alleged actions and

13  communications of defendant's representatives after discovering the cremation, and the ensuing

14  injury and emotional distress (assuming that a decedent can incur such distress after mortality).

15  Thus, the contractual and tort claims brought in the complaint failed to accrue during the

16  decedent's lifetime.  *See, Bemis v. Estate of Bemis*, 114 Nev. 1021, 1025, 967 P.2d 437, 440

17  (1998) (A breach of contract claim accrues when the facts constituting the breach occur); *Price*,

18  422 P.2d at 981 (same); *Semenza v. Nev. Med. Liab. Ins. Co.*, 104 Nev. 666, 668, 765 P.2d 184,

19  185-86 (1988) (negligence causes of action accrue when the facts satisfying the elements of the

20  claim occur and damages have been sustained).  Because these claims do not survive Theodore

21  Kennedy's death, his Estate lacks standing to now bring them.  Accordingly, the Court must

22  dismiss the Estate for lack of subject matter jurisdiction.

23  **B.**    **Decedent's Sisters Willie Wade and Carnell Washington**

24          Plaintiffs Willie Wade and Carnell Washington are the only plaintiffs arguably with

25  standing to bring the breach of contract claims as parties to the contract.  These two sisters are

26  also the only two individuals who colorably have standing to bring the negligent representation

27  and unjust enrichment claims.

28  / / /

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

### 1.    Contractual Claims

The complaint alleges that the "plaintiffs" entered into a written contract with defendants to obtain and ensure the burial of the decedent's remains "in an individual, dignified, respectful, and lawful manner."[10]  The complaint further alleges that by cremating the decedent's remains the defendants have mishandled, abused and desecrated the decedent's body in breach of the express contract (first cause of action), of the implied contractual covenant of good faith and fair dealing (second cause of action), and of the defendants' implied fiduciary duty (third cause of action).[11]

Contrary to the allegations in the complaint, not all of the plaintiffs are parties to the burial and funeral contract at issue in this case.  Only Plaintiffs Willie Wade and Carnell Washington are parties because they are the ones who executed the forms or agreements upon which claims for breach of contract or of its implied contractual covenants or duties are based.  Willie Wade executed the "Internment/Entombment Authorization" form.[12]  Carnell Washington executed the "Acknowledgment of Disclosures/Disclaimer," "Embalming Authorization," and "Statement of Funeral Goods and Services Selected" forms as well as signed the check that prepaid for the burial and funeral services.[13]  As the only plaintiffs to have executed the contract, Willie Wade and Carnell Washington are the only ones who arguably have standing as contractual parties to sue for the alleged breach.  *See, e.g., State Farm Mut. Auto. Ins. Co. v. Fitts*, 120 Nev. 707, 711 n.14, 99 P.3d 1160, 1162 n.14 (2004) (parties to a contract may sue for the breach thereof).  Accordingly, the court lacks subject matter jurisdiction over the remaining plaintiffs' breach of contract claims to the extent they sue as a contractual party.

### 2.    Negligent Representation

Under the negligent representation cause of action, the complaint alleges that due to the "false, incomplete and misleading" statements of defendants' representatives, "plaintiffs" entered into funeral and burial agreements regarding the proper burial of the decedent's remains.  The complaint further alleges that the "plaintiffs" suffered "damages and injury" due to the mistaken

---

[10]    Cmpl. ¶ 29.
[11]    *See id.* ¶¶ 29-31, 38, 43-46.
[12]    *See* Ex. D.
[13]    *See* Ex. A, C, & E; *see also* Executed "Statement of Funeral Goods and Services Selected," a copy of which is attached as Exhibit "G".

Snell & Wilmer

L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

1   cremation.[14]  To prevail on this claim, each plaintiff must establish that defendants, by failing to

2   exercise reasonable care or competence in communicating information regarding embalming,

3   burial and cremation services, supplied false information upon which that plaintiff justifiably

4   relied and by which the plaintiff suffered a pecuniary loss. *See Barmettler v. Reno Air, Inc.*, 114

5   Nev. 441, 449, 956 P.2d 1382, 1387 (1998). This tort applies only to business transactions. *See*

6   *id.*

7          Although the complaint states this cause of action as to all plaintiffs, again only Plaintiffs

8   Willie Wade and Carnell Washington arguably have standing to bring it.  As shown previously,

9   Ms. Wade and Ms. Washington are the only plaintiffs who relied upon the allegedly false

10  information, entered into burial agreements, and suffered a pecuniary loss.   Because the

11  remaining plaintiffs did not enter into this business transaction, they did not suffer an injury

12  causally connected to defendants' alleged misrepresentations. Thus, the remaining plaintiffs do

13  not have standing and their negligent representation claims must be dismissed pursuant to Rule

14  12(b)(1).

15          **3.      Unjust Enrichment**

16          The complaint alleges that defendants are unjustly enriched at "plaintiffs'" expense by

17  accepting payments for funeral services they failed to provide.[15]  To prevail on this quasi-contract

18  claim, a plaintiff must show that he conferred a benefit on the defendant, the defendant

19  appreciated the benefit, and the defendant accepted and retained such benefit. *See Topaz Mut.*

20  *Co., Inc. v. Marsh*, 108 Nev. 845, 856, 839 P.2d 606, 613 (1992).

21          The only plaintiffs who arguably could have standing to bring this quasi-contract claim

22  are again Willie Wade and Carnell Washington who executed the funeral and burial contract and

23  paid for the decedent's funeral services.  The amount indicated on the statement of services

24  matches the amount of the check signed by Carnell Washington. Only these two plaintiffs have

25  standing to pursue an unjust enrichment claim because they are the ones who arguably conferred

26  the benefit.   The remaining plaintiffs did not enter into a contract nor conferred a pecuniary

27

---

28  [14]   *See* Cmpl. ¶¶ 52-57.
    [15]   *See* Cmpl. ¶ 83.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

1  benefit on defendants, and thus lack standing to bring an unjust enrichment claim. Except for

2  Willie Wade and Carnell Washington, the court must dismiss this claim pursuant to Rule

3  12(b)(1).[16]

4  **C.   Decedent's Son Theodore Kennedy, Jr.**

5      Plaintiff Theodore Kennedy, Jr. is the only plaintiff with standing to bring the negligence

6  and negligent interference with remains claims. Because of his standing to bring these two

7  claims, he is arguably the only plaintiff to have standing to bring the breach of contract claims as

8  a third-party beneficiary.

9      **1.   Negligence and Negligent Interference with Remains**

10     Alleging that defendants breach their duty and interfered with the plaintiffs' right to the

11 body by cremating the decedent's remains, the complaint seek liability for negligence and

12 negligent interference with remains.[17] These two claims are at the heart of this case as they deal

13 with the common law rights and duties dealing with the handling and treatment of a decedent's

14 remains. A review of these two causes of action, and the common law rights and duties at issue,

15 illustrates who has standing to bring these claims as well as who possibly has standing to bring a

16 breach of contract claim as a third-party beneficiary.

17     While a property right in a commercial sense does not exist in a dead body, courts have

18 recognized a quasi-property right in it. *See, e.g., Culpepper v. Pearl Street Building, Inc.*, 877

19 P.2d 877, 880 (Colo. 1994); *Whitehair v. Highland Memory Gardens, Inc.*, 327 S.E.2d 438, 441

20 (W.Va. 1985). This quasi-property right includes the right to custody of the body; to receive it in

21 the condition in which it was left; to have the body treated with decent respect; and to bury or

22 otherwise dispose of the body without interference. *See Whitehair,* 327 S.E.2d at 441. This right

23 to possession, custody and control of the decedent's remains is sometimes called the common law

24

25 [16]   While her sisters arguably have standing to bring the contract, negligent representation and unjust

26 enrichment claims, Plaintiff Viola Washington does not. Viola's only connection to these claims is that her name is one of the names on the check that Willie Wade signed in prepaying the burial and funeral services. Viola did not execute any of the agreements or forms, there is no indication that she relied on

27 defendant's representation or that she suffered a pecuniary loss. Viola's connection to these claims is too tangential to find that she has standing to bring them. Any injury is abstract and hypothetical at this point.

28 [17]   *See* Cmpl. ¶¶ 60-61, 68-69. Because these two claims address the same issue -- the wrongful cremation of the decedent's remains, they will be addressed together.

Snell & Wilmer

L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

1    right of sepulcher, the interference of which can lead to tortious liability. *See Galvin v. McGilley*
2    *Memorial Chapels*, 746 S.W.2d 588, 591 (Mo. Ct. App. 1987)

3        Who can bring a cause of action for interference with the right of sepulcher is limited.
4    Under the case law, only the surviving spouse, if there is one, or the next of kin of the deceased
5    has the right to possession of the dead body, and hence standing to bring a claim for tortious
6    interference with that right. *See, e.g., Whitehair*, 327 S.W.2d at 443-44.  The Restatement
7    (Second) of Torts, likewise, limits a cause of action for interference with the right of sepulcher
8    "to a member of a family of the deceased who is entitled to the disposition of the body."
9    Restatement (Second) of Torts § 868.  Nevada, like some states, has superseded the common law
10   and enacted a statute establishing the order of who has the duty of burial and hence right of
11   sepulcher. *See* NRS 451.024.

12       Under NRS 451.024, Theodore Kennedy, Jr.'s right to order the burial of his father's
13   remains takes priority over any rights his aunts Willie Wade, Carnell Washington, and Viola
14   Washington and his Uncle James Kennedy may possess. *See* NRS 451.024(1)(a)-(h).  Due to his
15   priority under NRS 451.024, only Theodore Kennedy, Jr. has the right to order the burial of his
16   father's remains, thus he alone has standing to bring the negligence and negligent interference
17   with remains causes of action. *See, e.g., Morton v. Maricopa County*, 177 Ariz. 147, 152, 865
18   P.2d 808, 813 (Ariz. Ct. App. 1993) (holding that the decedent's parents and not his siblings had
19   standing to bring a claim for negligent interference with a dead body because A.R.S. § 36-831
20   gave decedent's parents priority over the siblings with regard to the statutory duty of burial).
21   Because the remaining plaintiffs did not have the statutory right to order the burial of the
22   decedent, they could not have suffered an actual injury when the defendants alleged interfered
23   with this right.  Without suffering an actual injury, these plaintiffs do not have standing. *See*
24   *Allen*, 468 U.S. at 751.  Except for Plaintiff Theodore Kennedy, Jr., the court lacks subject matter
25   jurisdiction over the claims for negligence and negligent interference with remains brought by the
26   other plaintiffs.
27   / / /
28   / / /

- 10 -

## 2.     Contract Claims as Third-Party Beneficiary

As to the three contractual causes of action, the complaint alleges that all the plaintiffs are the natural and intended beneficiaries of this contract and thus can bring these claims. Contrary to the allegations, Theodore Kennedy, Jr. is the only plaintiff who colorably has standing to bring the contractual claims as a third-party beneficiary. *See, e.g., Bemis*, 114 Nev. at 1026, 967 P.2d at 441 (1998). The contract that was allegedly breached was to assist Theodore Kennedy, Jr.'s in fulfilling his common law and statutory duty and right to possession, custody and burial of his father's remains. Only he possessed the duty to order the burial of his father under NRS 451.024. If plaintiffs allege that there was a third-party beneficiary to the contract, Theodore Kennedy, Jr., arguably is the only individual to bring a contractual claim in that role. Accordingly, none of the other plaintiffs (with the possible exception of Willie Wade and Carnell Washington) can bring the breach of contract causes of action.

## D.     Decedent's Brother James Kennedy and Sister Viola Washington

With the possible exception of the intentional infliction and negligent infliction of emotional distress claims, James Kennedy and Viola Washington lack standing to bring any of the claims in the complaint. As explained previously, they cannot bring the breach of contract claims as well as the negligent representation, unjust enrichment, negligence or negligent interference with remains causes of action. Although defendants dispute their underlying merits, the two emotional distress claims are the only ones that James Kennedy and Viola Washington colorably have standing to bring. As such, their remaining claims must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

The instant complaint is an attempt to shoehorn as many relatives and claims into one lawsuit due to the alleged mistaken cremation of Theodore Kennedy's remains. While the Court can exercise subject matter jurisdiction over each claim as to one plaintiff, most plaintiffs lack standing as to any given cause of action. Arguably, only Theodore Kennedy, Jr., has standing to bring the negligence and negligent interference with remains causes of action as well as the breach of contract claims as a third-party beneficiary; only Willie Wade and Carnell Washington

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

1   have standing to bring the three contractual claims as a contractual party as well as the negligent

2   representation and unjust enrichment claims.  Finally, the Estate lacks standing to bring any of the

3   listed causes of action in the complaint because these claims failed to accrue during the

4   decedent's lifetime.  For the claims that a plaintiff lacks standing to bring, the Court must dismiss

5   for lack of subject matter jurisdiction.

6   DATED this 27th day of August 2008                SNELL & WILMER L.L.P.

7

8                                                By: _____Chad R. Fears_____
9                                                     Kelly A. Evans (NV Bar No. 7691)
                                                     Jay J. Schuttert (NV Bar No. 8656)
                                                     Chad R. Fears (NV Bar No. 6970)
10                                                    3883 Howard Hughes Parkway, Suite 1100
                                                     Las Vegas, NV 89169
11                                                   Telephone:  (702) 784-5200
                                                     Facsimile:  (702) 784-5252
12
                                                     Attorneys for Defendants
13                                                   CARRIAGE CEMETERY SERVICES, INC.
                                                     and BUNKERS MEMORY GARDENS
14                                                   MEMORIAL PARK

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 12 -

1

**CERTIFICATE OF SERVICE**

2

Service of the foregoing **MOTION TO DISMISS PURSUANT TO FED. R. CIV. P.**

3

**12(B)(1) FOR LACK OF SUBJECT MATTER JURISDICTION** was made via the United

4

States District Court E-Filing System and by U.S. Mail on the 27th day of August 2008, to

5

6   Natricia C. Tric ano, Esq.            x    Via U.S. Mail
     THE TRICANO LAW OFFICE           ____ Via Overnight Mail

7   601 South 7th Street                ____ Via Hand Delivery
     Las Vegas, NV 89101               ____ Via Facsimile

8                                                ____ Via E-Mail
     Attorneys for Plaintiffs            x    Via ECF – Federal Court

9

10

11                              _____
                                          Chad R. Fears

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   9060111

27

28

# EXHIBIT A



# EXHIBIT B

# EXHIBIT B

## STATE OF NEVADA - DEPARTMENT OF HEALTH AND HUMAN SERVICES
## DIVISION OF HEALTH - SECTION OF VITAL STATISTICS
### BURIAL TRANSIT PERMIT

**000000000028421**

PERMIT_NUMBER

STATE FILE NUMBER

| | | |
|---|---|---|
| TYPE OR PRINT IN PERMANENT BLACK INK | 1a. DECEASED-NAME FIRST — Theodore | 1b. MIDDLE — 1c. LAST — KENNEDY SR | 2. DATE OF DEATH (Mo/Day/Year) — December 07, 2007 | 3a. COUNTY OF DEATH — Clark |

**DECEDENT**

| | | | | |
|---|---|---|---|---|
| 3b. CITY, TOWN OR LOCATION OF DEATH — Las Vegas | 3c. HOSPITAL OR OTHER INSTITUTION -Name(If not either, give street and number) — Nathan Adelson HospiceNW | 3e.If Hosp. or Inst. Indicate DOA,OP/Emer. Rm. Inpatient(Specify) — Inpatient | 4. SEX — Male |
| 5. RACE-(e.g., White, Black, American Indian) (Specify) — Black | 6. Was Decedent of Hispanic Origin? If yes, specify Mexican, Cuban, Puerto Rican, etc. — Non-hispanic | 7a. AGE-Last birthday (Years) — 59 | 7b. UNDER 1 YEAR — MOS DAYS | 7c. UNDER 1 DAY — HOURS MINS | 8. DATE OF BIRTH (Mo/Day/Yr) — September 28, 1948 |

IF DEATH OCCURRED IN INSTITUTION SEE HANDBOOK REGARDING COMPLETION OF RESIDENCE ITEMS

| | | | |
|---|---|---|---|
| 9a. STATE OF BIRTH (If not U.S.A., name country) — Mississippi | 9b. CITIZEN OF WHAT COUNTRY — United States | 10. EDUCATION — 12 | 11. MARRIED, NEVER MARRIED, WIDOWED, DIVORCED (Specify) — Divorced | 12. SURVIVING SPOUSE (If wife, give maiden name) |
| 13. SOCIAL SECURITY NUMBER — 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 | 14a. USUAL OCCUPATION (Give Kind of Work Done During Most of Working Life Even If Retired) — Time Keeper | 14b. KIND OF BUSINESS OR INDUSTRY — Test Site |
| 15a. RESIDENCE - STATE — Nevada | 15b. COUNTY — Clark | 15c. CITY, TOWN OR LOCATION — North Las Vegas | 15d. STREET AND NUMBER — 1301 Helen Avenue | 15e. INSIDE CITY LIMITS (Specify Yes or No) — Yes |

**PARENTS**

| | |
|---|---|
| 16. FATHER - NAME (First Middle Last Suffix) — Thornton KENNEDY | 17. MOTHER - NAME (First Middle Last Suffix) — Matilda YOUNG |
| 18a. INFORMANT- NAME (Type or Print) — Carnell WASHINGTON | 18b. MAILING ADDRESS (Street or R.F.D. No, City or Town, State, Zip) — 4101 Birchmont St Las Vegas, Nevada 89130 |

**DISPOSITION**

| | | |
|---|---|---|
| 19a. BURIAL, CREMATION, REMOVAL, OTHER (Specify) — Cremation | 19b. CEMETERY OR CREMATORY - NAME — Palm Crematory | 19c. LOCATION   City or Town   State — Las Vegas Nevada 89101 |
| 20a. FUNERAL DIRECTOR - SIGNATURE (Or Person Acting as Such) — DAVID JULIUS   SIGNATURE AUTHENTICATED | 20b. FUNERAL DIRECTOR LICENSE — 777 | 20c. NAME AND ADDRESS OF FACILITY — Bunker's Mortuary   925 N Las Vegas Blvd  Las Vegas  NV  89101 |

**TRADE CALL**

TRADE CALL - NAME AND ADDRESS

**CERTIFIER**

To Be Completed by CERTIFYING PHYSICIAN

| | |
|---|---|
| 21a. To the best of my knowledge, death occurred at the time, date and place and due to the cause(s) stated. (Signature & Title) SIGNATURE AUTHENTICATED   STEWART STEIN M.D. | (To Be Completed by CORONER/MEDICAL EXAMINER) On the basis of examination and/or investigation, in my opinion  death occurred at the time, date and place and due to the cause(s) stated. (Signature & Title) |
| 21b. DATE SIGNED (Mo/Day/Yr) — December 12, 2007 | 21c. HOUR OF DEATH — 06:15 | 22a. DATE SIGNED (Mo/Day/Yr) | 22c. HOUR OF DEATH |
| 21d. NAME OF ATTENDING PHYSICIAN IF OTHER THAN CERTIFIER (Type or Print) | 22d. PRONOUNCED DEAD (Mo/Day/Yr) | 22e. PRONOUNCED DEAD AT (Hour) |
| 23a. NAME AND ADDRESS OF CERTIFIER (PHYSICIAN, ATTENDING PHYSICIAN, MEDICAL EXAMINER, OR CORONER)(Type or Print) — Stewart Stein M.D.  3391 North Buffalo Lane Las Vegas, NV 89129 | 23b. LICENSE NUMBER — 10312 |

**REGISTRAR**

| | |
|---|---|
| 24a. REGISTRAR (Signature) — Susan Jannis, Deputy | 24b. DATE RECEIVED BY REGISTRAR (Mo/Day/Yr) — DEC 1 2 2007 | 24c. DEATH DUE TO COMMUNICABLE DISEASE — YES ☒   NO ☐ |

**CAUSE OF DEATH**

CONDITIONS IF ANY WHICH GAVE RISE TO IMMEDIATE CAUSE STATING THE UNDERLYING CAUSE LAST

| | | |
|---|---|---|
| 25. IMMEDIATE CAUSE (ENTER ONLY ONE CAUSE PER LINE FOR (a), (b), and (c).) | | Interval between onset and death |
| PART I | (a) Liver Cancer | Two Months |
| | DUE TO OR AS A CONSEQUENCE OF:   (b) Hepatitis C | Interval between onset and death |
| | DUE TO OR AS A CONSEQUENCE OF:   (c) | Interval between onset and death |
| PART II | OTHER SIGNIFICANT CONDITIONS-Conditions contributing to death but not resulting in the underlying cause given in Part I. | 26. AUTOPSY (Specify Yes or No) — No | 27. WAS CASE REFERRED TO CORONER (Specify Yes or No) — Yes |

Print Date: 12/12/2007 12:07:44

## AUTHORITY FOR BURIAL, TRANSPORTATION, REMOVAL, CREMATION OR OTHER DISPOSITION

Having complied with all rules and regulations governing the preparation of dead human bodies and upon receiving the signatures of the person who is to certify the cause of death, the funeral director or person acting as funeral director, and your local registrar, permission is granted to dispose of this body. The burial-transit permit must be signed below by the cemetery or crematory authority. Where there is no full time person in charge of the cemetery the funeral director may sign as sexton. Upon completion the permit must be returned to the local registrar where death occurred or to the funeral director.

Palm Crematory

(Name of Cemetery or Crematory)

Signature of person in charge
of the cemetery or crematory_____   Date _____

### BURIAL PERMIT

VRS-Rev-Ex



53317

# EXHIBIT C

# EMBALMING AUTHORIZATION

### ORAL AUTHORIZATION
*ff authorization is oral, complete the following:*

Authorization Received from: _____     Relationship to Deceased: _____

Date and Time Received: _____     Received by: _____

### WRITTEN AUTHORIZATION

I hereby ☒ **APPROVE** ☐ **DISAPPROVE** of the embalming of the remains of:

*Theodore   Kennedy*
Name of Deceased

The undersigned hereby authorizes and requests   *Bunkers Mortuary*   including its agents and
Name of Funeral Home

employees to embalm, care for and prepare for disposition of the body of the deceased named above, in accordance with
its customary practices. The undersigned represents that he/she has all the legal authority to take action and agrees to
indemnify and hold harmless the above-mentioned funeral home, its affiliates and their agents and employees from any
and all liability or claim therefor which may arise as a result of this authorization or any action taken in accordance herewith.
*I further understand that embalming is not required by law.*

X _____ *Sister*          *12/15/2007*
Signature and Relationship to Deceased          Date

_____          _____
Signature and Relationship to Deceased          Date

~ *Completely shaved face*

CFS-114 /Rev. 8/96

# EXHIBIT D

# EXHIBIT D

08/25/2017 01:05 FAX                                    ✦ Mortuary            ☑001/001

## INTERMENT/ENTOMBMENT AUTHORIZATION FORM

Date _12-11-07_          Contract No. _820655_          Interment No. _____

No Interment/entombment shall be performed without the written authorization by the recorded owner of the space/crypt. This authorization must be executed on the forms provided by the cemetery and in the presence of a duly authorized cemetery representative.

The undersigned authorizes the interment/entombment of the remains of the deceased in the spaces/crypt described below.

Cemetery Name _Memory Gardens_

Decedent Name _Theodore Kennedy_          Age _59_   Sex _M_

Decedent Address _Las Vegas, NV._

Date of Birth _9-28-1948_   Date of Death _12-7-2007_   Veteran? _NO_

In the following describe interment space _North Angels Lot #115 sp #2_   Date of Purchase _2017_

Type of Cemetery Service _Grave Site_   Day _SAT_   Date _12-15-07_   Time of Service _12:30_

Type of Outer Burial Container _Concrete Vault_   Supplier _____   Memorial _____

Funeral Home _Bunkers_   Director _Shannon_   Tel. _____

Place of Service _Church_   Day _SAT_   Date _12-15-07_   Time of Service _11:00_

Remarks _Full Set-up_

The undersigned hereby certify that they are all of the legal custodians of the herein named deceased, having the full legal authority to direct the interment, entombment, or other final disposition of the remains of the deceased, and hereby authorize the above name Cemetery to make disposition of the remains of the deceased as indicated above. The undersigned hereby further certify and represent that they are the owner(s) or authorized representative(s) of the owner(s) of the above described Interment Rights and hereby authorize use of said Interment Rights for the interment, entombment, or other final disposition of the remains of the herein named deceased. Cemetery is hereby authorized to install any outer burial container purchased in connection with this interment in the Interment Rights described herein. The undersigned, jointly and severally, agree to indemnify and hold harmless the Cemetery, its affiliates, and their respective agents, shareholders, officers, directors, and employees from any and all liability, including reasonable attorney's fees, and against any loss, damage, suit, or claim which any of them may sustain in connection with the interment, entombment, or other final disposition authorized hereunder. The undersigned acknowledge that Cemetery will follow the directions of the undersigned in reliance upon the undersigned's representation of authority, without independent inquiry of such authority, and that therefore the foregoing indemnity covers claims by third parties as to superior right or authority for final disposition, including claims of Cemetery's own negligence. If prior to final disposition Cemetery becomes aware of a dispute as to such authority, Cemetery is authorized to suspend arrangements pending resolution of such dispute, and the undersigned authorize Cemetery to apply to a court of competent jurisdiction, at the undersigned's cost, for an order directing final disposition. Further the undersigned agree that Cemetery shall have the right to correct any error in this interment, at its own expense, without any liability for such error.

Signature  X _Willie Wade_          _Sister_
           Interment Right Owner          Relationship to Deceased

Print Name _Willie_          _Wade_          _658-9243_
           Title   First Name       MI   Last Name          Jr./Sr./..   Tel. No

Address _6010 W. Brooks Ave. Las Vegas, NV 89108_
        Street                        City              State   Zip

Signature _____
           Interment Right Owner          Relationship to Deceased          Tel. No

Print Name _____
           Title   First Name       MI   Last Name

Address _____
        Street                        City              State   Zip

| OFFICE USE ONLY | | | |
|---|---|---|---|
| Family Service Counselor ___ | Family Verification ___ | | Date _12-11-07_ |
| Superintendents Verification ___ | | Blind Check By ___ | |
| Recorded By ___ | | Interment Record Book ___ | |
| Lot Book ___ | Lot Card ___ | | Map ___ |

White: Cemetery Copy    Yellow: Superintendent Copy    Pink: Customer Copy          CFS-163

# EXHIBIT E

# EXHIBIT E



925 LAS VEGAS BOULEVARD NO.
LAS VEGAS, NV 89101
OFFICE (702) 385-1441 • FAX (702) 388-7307

## ACKNOWLEDGMENT OF DISCLOSURES/DISCLAIMER

Name of the Deceased: *Theodore Kennedy*

Date of Death: *12/7/07*          Date of Funeral and/or Final Disposition of Body: *12/15/2007*

The Federal Trade Commission Trade Regulation Rule for " Funeral Industry Practices" requires certain disclosures and prohibits misrepresentations. This Acknowledgment of Disclosures/Disclaimer from is a check list we ask those we serve to read and sign during the arrangements for the funeral of ( the "Deceased") our funeral firm did or did not do the following:

### *I/We who made the arrangements for the funeral and final disposition of the remains of the Deceased, do hereby attest to the following*

1. I/We were given a General Price List effective on *10/1/07* prior to discussing prices, services or merchandise.

2. I/We were shown (or given where require by state law) a Casket Price List effective on *10/1/07* prior to discussing prices or caskets.

3. I/We were shown (or given where required by state law) an Outer Burial Container Price List effective on *10/1/07* prior to discussing prices or outer burial containers.

4. I/We were not told that embalming is required by state law (except for certain special cases) and were told that the law does not require embalming except in certain special cases, if embalming was provided, it was done with my/our approval.

5. I/We were not told that any law requires embalming for direct cremations, immediate burial, a funeral using a sealed casket, or if refrigeration is available, the funeral is without viewing or visitation and with closed casket.

6. I/We were not told that any law requires a casket for direct cremation or that a casket (other than an unfinished wood box) is required for direct cremation.

7. I/We were told that state law does not require the purchase of an outer burial container or any of the funeral goods or services. I/We selected except as set forth on the Statement of Funeral Goods and Services Selected.

8. No claims were made to me/us as to the merchandise or other offerings of this funeral firm (embalming, caskets, outer burial container) to the effect that embalming or the use of any merchandise available from this funeral firm would delay the decomposition of the remains for long term or indefinite time, or that any such merchandise would protect the body from gravesite substance if such was not the case. No representations or warranties were made to us about the protective features of caskets or outer burial containers other than those made by the manufacturer. The only warranties, expressed or implied, granted in connection with goods sold with the funeral service we arranged were the expressed written warranties, if any, extended by the manufacturers of such goods. No other warranties were extended to us.

9. I/We were not told that the amount of each of the cash advance items was the cost to funeral firm except where such was the case. I/We were told that the funeral firm's cost may be different based on volume or cash discounts or other professional/trade customs where permitted by state or local law.

Signed this *10* day of *December, 2007*.

WITNESSED:

X _____          X _____
Signature of Funeral Home Representative          Signature of Funeral Buyer

                                        *Sister*
                                        Relationship to Deceased

# EXHIBIT F

In Loving Memory

of

## Theodore "Ray" Kennedy



**Sunrise**
September 28, 1948

**Sunset**
December 7, 2007

**Services**

Saturday, December 15, 2007
11:00 a.m.

Pilgrim Rest Missionary Baptist Church
1240 West Adams Street
Las Vegas, Nevada 89106

Rev. McKinley Hardmon, Pastor
Officiating

**Interment**
Bunkers Memory Gardens Cemetery

Willie M. Wade
658-9243 (H)
274-2451 (C)

## OBITUARY

Theodore "Ray" Kennedy was born on September 28, 1948, in Natchez, Mississippi, to the late Thornton Kennedy and Matilda Young Kennedy. He attended elementary and junior high school at Concordia Parish Training School in Vidalia, Louisiana. He relocated to Las Vegas, Nevada, with his parents in 1965 where he attended and graduated from Rancho High School in 1968.

After graduating from high school, Ray worked for a number of years at the Nevada Test Site for Reynolds Electrical & Engineering Company as a construction clerk. He also worked in the hotel industry before working as a maintenance/handy man and lawn caretaker, which is what he loved doing. He loved the outdoors and working on his lawn equipment.

Ray was well known in every neighborhood he lived in. His personality drew people to him and everybody loved him.

He leaves to mourn and cherish his memory his son, Theodore (Ted) Kennedy, Jr., and grandson, Jaccarri Kennedy, both of Natchez, Mississippi; one brother, James Kennedy (Bobbie) of Vidalia, Louisiana; three sisters, Carnell Washington, Viola Washington (Frank) and Willie M. Wade (James) all of Las Vegas, Nevada; and a host of nieces, nephews, cousins and friends. His father, mother, brother (Roosevelt), and ex-wife (Glenda), preceded him in death.

**"To every thing there is a season,
and a time to every purpose under the heaven:
a time to be born,
and a time to die;
a time to plant;
and a time to pluck up that which is planted;"**

### Ecclesiastes 3:1-2

# EXHIBIT G

**Bunker's Eden Vale Mortuary**
925 Las Vegas Blvd North
Las Vegas, NV 89101
702-385-1441

**Statement of Funeral Goods and Services Selected**

Charges are only for those items that you selected or that are required. If we are required by law or by a cemetery or crematory to use any items, we will explain the reasons below in writing.

If you selected a funeral that may require embalming, such as a funeral with viewing, you may have to pay for embalming. You do not have to pay for embalming you did not approve if you selected arrangements such as direct cremation or immediate burial. If we charged for embalming, we will explain why below.

Contract Number: 9639
Date of Death: 12/7/2007
Date of Service: 12/15/2007

Full Name of Deceased: Theodore Kennedy Sr
Cemetery/Crematory: Bunkers Memory Gardens Cemetery

## Service & Merchandise

| Service | Charge |
|---|---|
| **Professional Services** | |
| Basic Services of Funeral Director and Staff: (non-declinable) #1 | $ 1,850.00 |
| Embalming Fees: | $ 495.00 |
| Other Preparation or Care: | |
| Cosmetology, Dressing, Casketing | $ 275.00 |
| **Facilities, Equipment, and Staff:** | |
| Use of facilities, equipment, and staff for Viewing, Visitation, or Wake: | $ 200.00 |
| Use of facilities, equipment, and staff for Funeral Service: | $ 500.00 |
| Use of Staff and/or Equipment for Service in Church or other location or facility: | $ 0.00 |
| Other use of Funeral Home facilities and/or Staff (describe:) | |
| N/A | $ 0.00 |
| Holiday/Weekend Surcharge: | $ 0.00 |
| **Automotive Equipment (30 Mile Radius)** | |
| Transfer to Funeral Home | $ 275.00 |
| Hearse (Funeral Coach): | $ 275.00 |
| Family Vehicle(s): | $ 700.00 |
| Flower / Other Vehicle: | $ 0.00 |
| Service/Utility Vehicle | $ 125.00 |
| N/A | $ 0.00 |
| **Special Charges:** | |
| Cemetery Service by Funeral Home | $ 0.00 |
| Other: N/A | $ 0.00 |
| ☐ Forwarding Remains ☐ Receiving Remains | |
| To / From: N/A | $ 0.00 |
| | $ 0.00 |
| **TOTAL OF SERVICES:** ① | $ 4,695.00 |

## Cash Advance Items

| Item | Charge |
|---|---|
| ☐ Interment Fee | $ 0.00 |
| ☐ Cemetery Equipment | $ 0.00 |
| ☐ Crematory Charges | $ 0.00 |
| ☐ Final Care Charge | $ 0.00 |
| ☐ Clergy Honorarium | $ 0.00 |
| ☐ Musician Honorarium | $ 0.00 |
| ☐ Soloist Honorarium | $ 0.00 |
| Obituaries: | |
| ☐ N/A | $ 0.00 |
| ☐ N/A | $ 0.00 |
| Certified Death Certificates: | |
| ☐ 5 @ 20.00 | $ 100.00 |
| ☐ 0 @ 0.00 | $ 0.00 |
| ☐ Permit | $ 0.00 |
| ☐ Hairstyling / Barber Charges | $ 0.00 |
| ☐ Florist Charges | $ 0.00 |
| ☐ Transportation (name the carrier) | |
| N/A | $ 0.00 |
| ☐ Escorts | $ 0.00 |
| Other: | |
| ☐ N/A | $ 0.00 |
| ☐ N/A | $ 0.00 |
| **TOTAL OF CASH ADVANCES:** ⑧ | $ 100.00 |

We charge for services in obtaining these items marked with an X. Any estimated charges will be indicated with an E.

## Other Charges & Credits

| Item | Charge |
|---|---|
| Taxable Amount | $ 4,695.00 |
| State | $ 363.86 |
| | $ 0.00 |
| Total Tax: | $ 0.00 |
| | $ 363.86 |
| | $ 0.00 |
| | $ 0.00 |
| **TOTAL OF OTHER CHARGES & CREDITS:** ⑥ | $ 363.86 |

## Method of Payment

| Method | Payment |
|---|---|
| **TOTAL CHARGES & CREDITS (A + B + C):** | $ 9853.86 |
| Payments | $ 0.00 |
| | $ 0.00 |
| | $ 0.00 |
| | $ 0.00 |
| **UNPAID BALANCE (Due by 12/15/2007)** | $ 9,853.86 |
| Insurance Assignments or Other Pending Credits: | |
| ($ 0.00 ) | |
| ($ 0.00 ) | |
| ($ 0.00 ) | |

I agree that any monies assigned above shall be paid to you within 90 days of the date of this contract. Upon your giving me at least five (5) days prior written notice that any monies due under the assignment(s) have not yet been paid to you as promised, you can require that any such unpaid amount(s) be paid by me at once.

PAYMENT TERMS: I understand that an extension of credit subject to federal and state credit disclosure installment sales, or other consumer credit statutes is contemplated by this Contract. I have no right to defer payment of any amount due under this Contract. I agree that any amount(s) liable for payment of the applicable balance due shown above by the date indicated below. Each payment received will be made by me to you at the address set forth in the Contract. In addition, a late charge at the rate of eighteen percent (18%) per annum (or, if less the highest rate permitted under applicable law) will be charged and due on the unpaid balance from the date of this contract through the due date. You can avoid payment of this late charge if you pay the entire balance, in full within (90) days after the date shown here. This is a CASH TRANSACTION, due in full on or before12/15/2007.

NOTICE:
To Buyer/Co-Buyer: See other side of this contract for Additional Terms, including disclosure of warranties and limitation of remedies , that are part of this contract and are incorporated herein by reference. Do not sign this contract before you read it or if it contains any blank spaces. You acknowledge receipt of an exact copy of this contract. Keep this contract to protect your legal rights.

## Merchandise

| Merchandise | Charge |
|---|---|
| Casket Greyson | $ 4,595.00 |
| O.B.C. N/A | $ 0.00 |
| Urn N/A | $ 0.00 |
| Clothing N/A | $ 0.00 |
| Flowers (from Funeral Home) | $ 0.00 |
| Memorial Monument | $ 0.00 |
| Temporary Grave Marker | $ 0.00 |
| N/A | $ 0.00 |
| Memorial Register Book | $ 45.00 |
| Acknowledgement Cards | $ 0.00 |
| Memorial Folders/Prayer Cards | $ 0.00 |
| Other Merchandise: | |
| Custom Memorial Folders | $ 55.00 |
| **TOTAL OF MERCHANDISE:** ② | $ 4,695.00 |
| **TOTAL OF SERV. & MERCH. (1 + 2):** Ⓐ | $ 9,390.00 |

**Identification and Description of Mandatory Items and Explanation of Embalming Charge:**

Reasons for Embalming:
☒ Expressly Approved ☐ Funeral with Public Viewing
If any law, cemetery, or cemetery requirements have required the purchase of any other items listed above, the law or requirement is explained below:
☐ Outer burial container required by cemetery
☐ Other (describe):

We agree to render the services and furnish the merchandise indicated above.
ACCEPTED for SELLER: Shannon F Nordyke
License Number: N/A
SIGNED By:
(Signature of Licensed Funeral Director)

Buyer Name: Carnell Washington
Address: 4101 Birchmont St
City: Las Vegas State: NV ZIP: 89130 Date:
Phone: 702-658-9243 Relationship: Sister
SIGNED _(Signature of Buyer)_

Co-Buyer Name:
Address:
City: State: ZIP: Date:
Relationship:
SIGNED: _(Signature of Co-Buyer)_

9639   Deceased File White Copy   Numeric Sequence Yellow Copy   Accounting File Pink Copy   Buyer Gold Copy

Draft Copy