## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WILLIE WADE et al., | ) |
| Plaintiffs, | ) |
| vs. | ) 2:08-cv-01102-RCJ-RJJ |
| CARRIAGE CEMETERY SERVICES, INC. et al., | ) **ORDER** |
| Defendants. | ) |

This case arises out of the accidental cremation of Theodore Kennedy, contrary to the wishes of his family that he be buried. Defendant Palm Mortuary has come to a settlement agreement with Plaintiffs. Pending before the Court is Defendant Palm Mortuary's Motion for Determination of Good Faith Settlement (#77). Plaintiffs have filed a notice of non-opposition. (*See* #82). No Defendant has filed an opposition.

In Nevada, an alleged tortfeasor is released from future indemnity or contribution liability to another tortfeasor when a court determines that a settlement agreement the first tortfeasor has entered into with a plaintiff was made in good faith. Nev. Rev. Stat. § 17.245(1)(b). A trial court has "considerable discretion" in determining good faith under the statute. *Doctors Co. v. Vincent*, 98 P.3d 681, 686–87 (2004) (citing *Velsicol Chem. v. Davidson*, 811 P.2d 561, 563 (1991)).

Palm Mortuary and Plaintiffs have agreed that Palm Mortuary, without admitting fault, will pay a total settlement of $100,000: $15,000 to Viola Washington, $15,000 to James Kennedy,

$25,000 to Carnell Washington, $20,000 to Willie Wade, and $25,000 to Theodore Kennedy, Jr., in exchange for a full and final release of all claims against Palm Mortuary arising out of the allegedly negligent cremation of Theodore Kennedy. One-hundred thousand dollars is a significant sum and is sufficient to compensate five persons for the allegedly negligent cremation of their deceased relative. *See, e.g.*, *SCI Ala. Funeral Servs., Inc. v. Brown*, 770 So. 2d 97 (Ala. Civ. App. 1999) (affirming a remitted verdict of $37,000 in favor of four plaintiffs for the negligent burial of their father); *Tomasits v. Cochise Memory Gardens, Inc.*, 721 P.2d 1166 (Ariz App. 1986) (affirming a verdict of $1000 in compensatory damages and $25,000 in punitive damages for the mishandling of two corpses). The Court in its discretion finds the settlement to have been made in good faith pursuant to § 17.245.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Determination of Good Faith Settlement (#77) is GRANTED.

DATED:   March 15, 2010

_____
Robert C. Jones
United States District Judge