Natricia C. Tricano, Esq.
E-mail: ntricano@tricanolaw.com
Nevada State Bar No. 9723
THE TRICANO LAW OFFICE
601 South 7th Street
Las Vegas Nevada 89101

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WILLIE WADE, an individual; CARNELL WASHINGTON, an individual; VIOLA WASHINGTON, an individual; JAMES KENNEDY, an individual; and THEODORE KENNEDY, JR., an individual.<br><br>Plaintiffs,<br><br>vs.<br><br>CARRIAGE CEMETERY SERVICES, INC., d/b/a BUNKERS MORTUARIES, CEMETARIES, & CREMATORY, MEMORY GARDENS MEMORIAL PARK, DOES 1 through 5, and ROE CORPORATIONS 1 though 5,<br><br>Defendants. | Case No. 2:08-cv-01102-KJD-RJJ<br><br><br>MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING OTHER LAWSUITS AND/OR CLAIMS |

COMES NOW Plaintiffs WILLIE WADE, CARNELL WASHINGTON, VIOLA WASHINGTON, JAMES KENNEDY, and THEODORE KENNEDY, JR (hereinafter collectively referred to as "Plaintiffs"), and Defendant CARRIAGE CEMETERY SERVICES, INC., d/b/a BUNKERS MORTUARIES, CEMETARIES, & CREMATORY, MEMORY GARDENS MEMORIAL PARK (hereinafter referred to "Defendant"), and hereby moves this Honorable Court for entry of an order preventing the Defendant and its counsel from introducing, mentioning, or

1  otherwise alluding to certain evidence during *voir dire*, trial or at any other time when the jury is
2  present, regarding other lawsuits filed or defended by Plaintiff Carnell Washington.
3        This Motion is made and based upon the files, pleadings, and record herein, together with the
4  attached Points and Authorities, and any and all oral argument the Court may entertain at the time of
5  the hearing of said matter.
6  DATED: May 10, 2010                     THE TRICANO LAW OFFICE
7
8                                          BY: _____
9                                          NATRICIA C. TRICANO
                                           Nevada State Bar No. 009723
10                                         601 South 7th Street
                                           Las Vegas, Nevada 89101
11                                         (702) 476-200
                                           Attorneys for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

This motion stems from a Complaint for Breach of Contract, Breach of Good Faith and Fair Dealing, Breach of Fiduciary Duty, Negligent Misrepresentation, Negligence, Negligent Interference with Remains and Intentional Mishandling of a Corpse, Negligent and Intentional Infliction of Emotional Distress, and Unjust Enrichment. Plaintiffs filed their Amended Complaint on August 11, 2009. According to facts stated within the Complaint, on or about July 07, 2007 Plaintiffs prepaid for a burial lot, internment rights and services for Theodore Kennedy (hereinafter the "Decedent") with Defendant Carriage Services, Inc. (hereinafter "Defendants"). Decedent passed away in December 2007 and Plaintiffs proceeded with the planning of his funeral. During the preparation of the Decedent's burial, the Plaintiffs' specifically stated their disbelief in cremation and desire for a burial service for the Decedent. On December 12, 2007 the Plaintiffs' were informed that Defendants had negligently cremated the Decedent's remains. Plaintiffs contend that they suffered emotional distress as a result, and that Defendants actions have permanently and irreparably affected their memory of Decedent and their quality of life. Defendants deny these allegations.

During the deposition of Plaintiff Carnell Washington, defense counsel inquired whether Plaintiff was ever involved in any lawsuits where she was a Plaintiff or Defendant. Based on counsels line of questioning Defendant may attempt to introduce certain evidence of other claims or lawsuits that would be irrelevant, highly prejudicial, and should be excluded. The evidence relates to other lawsuits and claims in which Plaintiff was a party. Therefore, Plaintiffs move this court *in limine* for an order instructing Defendant, Defendant's counsel and Defendant's witnesses not to refer to, interrogate concerning, comment upon, or attempt to suggest to the jury in any way the existence of, the circumstances surrounding, or the outcome of any other lawsuits and claims.

///

This motion is made on the grounds that any reference to prior and/or current lawsuits is prohibited by law and irrelevant, and any attempt to convey this information to the jury, either directly or indirectly, through the introduction of testimony or evidence would be improper and highly prejudicial to Plaintiff. Even if the Court were to sustain an objection to the introduction of such evidence and properly instruct the jury not to consider such evidence, the effect would be irreversible and extremely prejudicial to Plaintiff.

## II.

## LEGAL ARGUMENTS

Federal Rules of Civil Procedure, Rule 608(b) prohibits the introduction of evidence of a trait of a person's character with respect to care or skill where such evidence is used to prove the quality of his conduct on a specified occasion. It states:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

In this situation, Plaintiff, Carnell Washington, testified that she was a Plaintiff and a Defendant in a lawsuit in the distant past. This information cannot be utilized to attempt to paint Plaintiff as a frequenter to the Courts.

The character of a witness may be impeached only in regard to matters that go directly to his reputation for truth and veracity. Nowatske v. Osterloh, 549 N.W.2d 256, 259 (Wis. 1996); Wischmeyer v. Schanz, 536 N.W.2d 760, 767 (Mich. 1995). "[U]se of irrelevancies, insinuating that a person is of bad moral character, tending to degrade him in the eyes of the jury, is not a proper impeachment device. Virtually by definition, such evidence is not relevant, tending only to prejudice the jury against the witness." Notwatske, 549 N.W.2d at 259.

///

The introduction of evidence of, the existence of, the circumstances surrounding, or the outcome of other lawsuits to which the Plaintiff was a party does not cast light on the Plaintiff's character for truthfulness or untruthfulness and does not shed any light on the subject of inquiry; namely, whether the Defendant was negligent in its funeral services and whether Plaintiff was harmed as a result therefrom. Accordingly, this information should not be divulged to the trier of fact.

### III.
### CONCLUSION

Based on the foregoing, it is requested that this Court grant Defendants' Motion *in Limine* and instruct Defendant, Defendant's witnesses and Defendant's counsel as requested above.

DATED: May 10, 2010              THE TRICANO LAW OFFICE

BY: /s/ Natricia C. Tricano
NATRICIA C. TRICANO
Nevada State Bar No. 009723
601 South 7th Street
Las Vegas, Nevada 89101
(702) 476-200
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

Service of the foregoing **PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING OTHER LAWSUITS AND/OR CLAIMS** made via United States District Court E-Filing System and by U.S. Mail on the 10th day of May 2010.

CHAD R. FEARS, ESQ.
Nevada State Bar No. 6970
SNELL & WILMER
3883 Howard Hughes Pkwy, #1100
Las Vegas, Nevada 89169
Counsel for Defendant,
Carriage Cemetery Services

_____
An Employee of the Tricano Law Office